UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LUSHIOUS L. HAND,

    Plaintiff,

v.                                             Case No. 11-C-884

MICHAEL R BAENEN, PETER ERICKSEN,
and CO VERHEYEN,

    Defendants.

**SCREENING ORDER**

Plaintiff Lushious Hand, who is proceeding pro se, lodged a civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. Plaintiff is currently incarcerated at Green Bay Correctional Institute.

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner plaintiff is required to pay the statutory filing fee of $350.00 for a federal lawsuit. If a prisoner does not have the money to pay the filing fee up front, he or she can request leave to proceed *in forma pauperis* in order to pay the fee over time. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of twenty percent of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.[1]

---

[1] In no event will a prisoner be prohibited from bringing a civil action because he or she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. Further, he has been assessed and has paid an initial partial filing fee of $20.

Next, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). To state a claim for relief

2

under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

In his complaint, Hand asserts that prison over crowdedness led to a cell assignment resulting in assault from another inmate. According to Hand, the assault included an inmate attacking him, punching him in the eye with shaving cream, and kneeing him in the groin. Hand particularly alleges Correctional Officer Veheyen observed the assault and chose not to "take reasonable measure to guarantee Mr. Hand's safety." (Compl. 1.)

Correctional officers have a duty to take reasonable measures to guarantee inmate safety. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). A prison official's "deliberate indifference" to a substantial risk of serious harm to an inmate violates the Eighth Amendment. *See Helling v. McKinney*, 509 U.S. 25 (1993); *Wilson v. Seiter*, 501 U.S. 294 (1991); *Estelle v. Gamble*, 429 U.S. 97 (1976). The Correctional Officer's failure to intervene may constitute deliberate indifference. The case will therefore proceed as to Correctional Officer Veheyen.

Plaintiff has also named Michael Baenan and Peter Eriksen as defendants in the case. Plaintiff alleges Baenan and Ericksen are properly named as they are in charge of proper training of the corrections officers. Plaintiff contends that had Baenan and Ericksen properly trained Verheyen, "it is more likely than not" that he would have "recognized the situation . . . included the risk of danger." (Compl. 12.) While the likelihood of such a claim succeeding on the merits is tenuous from Plaintiff's complaint, I cannot at this stage say he has not put forth enough to have his claim stalled. Thus, because plaintiff has set forth cognizable constitutional or federal claims, the case will proceed.

**THEREFORE, IT IS ORDERED** that plaintiff's request to proceed *in forma pauperis* is granted.

**IT IS ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $330 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to twenty percent of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

Pursuant to a Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, copies of the petition and this order have been sent via a Notice of Electronic Filing[2] ("NEF") to State of Wisconsin respondent(s)[3] through the Attorney General for the State of Wisconsin. The Department of Justice will inform the Court within 21 days from the date of the NEF of the names of the defendants on whose behalf the Department will not accept service of process, the reason for not accepting service for them, and the last known address of the defendant. The Department of Justice will provide the pleadings to those respondents on whose behalf they have agreed to accept service of process.

---

[2] Any documents not scanned in CM/ECF will have to be sent by the Clerk to the Department in hard copy.

[3] County sheriffs, jail administrators or employees, police officers, county employees or federal agencies (such as I.C.E.) are not included and paper copies must be served on the appropriate Corporation Counsel, jail administrator or other such party by the U.S. Marshal's Service.

**IT IS ORDERED** that the defendants shall file a responsive pleading to the plaintiff's complaint.

Plaintiff is hereby notified that, from now on, he is required, under Fed. R. Civ. P. 5(a), to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the clerk of court's office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Nothing in this order or in § 1915A precludes a defendant from moving to dismiss any claim identified in this order or potentially existing in the complaint if the defendant disagrees with my analysis or believes I have overlooked something during my screening.

Dated this __15th__ day of November, 2011.

    s/ William C. Griesbach
William C. Griesbach
United States District Judge