UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LUSHIOUS L. HAND,

        Plaintiff,

v.                                              Case No. 11-C-884

CO VERHEYEN,

        Defendant.

**DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

Plaintiff, a prisoner serving a sentence in a Wisconsin prison, filed an action pursuant to 42 U.S.C. § 1983 alleging that his civil rights were violated due to the deliberate indifference of the defendant in violation of the Eighth Amendment. Before me now is Plaintiff's motion to compel discovery of documents. For the reasons discussed herein, Plaintiff's motion will be granted and denied in part.

The Eighth Amendment to the U.S. Constitution prohibits the infliction of cruel and unusual punishment. "Cruel and unusual punishment" has been defined to include deliberate indifference to a substantial risk to a prisoner's safety. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "Deliberate indifference" means that the prison officials "each knew that [the prisoner] faced a substantial risk of serious harm, and yet disregarded that risk by failing to take reasonable measures to address it." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008). "Deliberate

indifference" means something more than mere negligence, but something less than intentional conduct. *Del Raine v. Williford*, 32 F.3d 1024, 1031-32 (7th Cir. 1994).

In the present matter, Plaintiff alleged that he was housed with another cellmate, DeMarco As-Saffat. Plaintiff was assaulted by As-Saffat while they shared a cell together and Plaintiff suffered injuries. He alleged that Officer Veheyen, the Defendant, observed the assault and chose not to "take reasonable measures to guarantee [Plaintiff's] safety." (Compl. ¶ 1.)

In his first request for documents, Plaintiff demanded As-Saffat's disciplinary records, which are relevant to the issue of whether prison officials knew of As-Saffat's violent history and that he posed a substantial risk of serious harm to Plaintiff. (Def. Resp. 1, ECF No. 44.) Defendant asserts that these records are confidential and turning these records over to Plaintiff may compromise prison security. Defendant does not maintain that As-Saffat's disciplinary records do not contain any information that may be relevant to Plaintiff's claim of deliberate indifference. Without review of the records of As-Saffat's disciplinary history, I cannot determine whether the evidence may or may not support Plaintiff's claim for relief. Balancing the concern for prison security and As-Saffat's confidentiality with Plaintiff's need for the evidence to support his deliberate indifference claim, the appropriate course is for Defendant to submit As-Saffat's disciplinary records to the Court for an *in camera* review. Plaintiff requested As-Saffat's disciplinary records dating back to January 1, 1990. However, given that Plaintiff was initially housed with As-Saffat sometime in March 2011 and the assault occurred on May 13, 2011 (*See* Compl. ¶ 7; Def. Resp. 4, ECF No. 44), it is clear that Plaintiff's request for documents is overly broad and would likely be unduly burdensome. Therefore, I conclude that narrowing the scope of Plaintiff's request for documents to a five year period is warranted.

In reviewing Defendant's response to Plaintiff's document requests 2, 4, 6, 8, 9, and 11, it is apparent that these responses are adequate as Defendant has indicated that there are no documents relevant to Plaintiff's requests. Plaintiff in his fifth and seventh requests for documents demanded information dating back five years on physical incidents between double-celled inmates and the ages of African-American inmates involved in these physical incidents. Defendant responded that the information sought was overly broad, would be unduly burdensome, and was not likely to lead to relevant evidence. The ages of double-celled African-American inmates and information on physical incidents between all double-celled inmates dating back five years has scant relevance to Plaintiff's claim. This is distinguishable from evidence showing that As-Saffat had a history of violence with his cellmates, indicating that he posed a serious danger to anyone he was housed with and prison officials disregarded this risk.

In his request for production of documents numbers 3 and 10, Plaintiff requested the medical records of As-Saffat, as well as the medical information of other inmates. Under Rule 26(b)(1), a party may "obtain discovery regarding any *nonprivileged* matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1) (emphasis added). The issue here is complicated by the fact that the doctor/patient privilege is not held by the Defendant, but belongs to As-Saffat and the other inmates. Defendant does not retain the right to waive As-Saffat's privileged medical records, or the medical records of other inmates. And Defendant is under no obligation to turn over non-discoverable and privileged information. The information of other inmates' medical history bears little relevance to Plaintiff's claim. Nowhere in Plaintiff's complaint did he allege that As-Saffat had a mental illness or that prison officials knew of As-Saffat's mental illness. Nor did Plaintiff allege that As-Saffat's medical condition was of such

3

a character that he posed a substantial risk of serious harm to Plaintiff. The only allegation Plaintiff made in regard to the risk posed by As-Saffat was that he "would frequently boast about the inmate martial arts training and [As-Saffat's] history of battery with other inmates an corrections officers." (Compl. ¶ 9.) Moreover, Plaintiff's request for the medical records of As-Saffat and other prison inmates can be characterized more as a fishing expedition rather than a focused search for relevant evidence in support of Plaintiff's claim. Therefore, Plaintiff's motion to compel discovery of As-Saffat's and other inmates' medical records must be denied.

## CONCLUSION

Based on the foregoing, Plaintiff's motion to compel (ECF No. 42) discovery for Document Request No. 1 is **GRANTED IN PART**. Defendant is hereby ordered to provide the disciplinary records of As-Saffat between May 13, 2006, and May 13, 2011, to the Court for an *in camera* review. Plaintiff's motion to compel discovery for Document Requests Nos. 2-11 is **DENIED IN PART**.

**SO ORDERED** this  27th  day of November, 2012.

 s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court